IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JIMMY LEE RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-176 |
| | ) | |
| DANIEL J. CRAIG and THE STATE OF GEORGIA, | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On October 7, 2024, Plaintiff, an inmate at Hays State Prison in Trion, Georgia, submitted a complaint for filing pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred in Richmond County, Georgia.  (Doc. no. 1.)  The same day, the Clerk of Court sent Plaintiff a deficiency notice concerning the need to submit appropriate filing fee or a request to proceed *in forma pauperis* ("IFP"), as is required by Local Rule 4.1, within twenty-one days.  (See doc. no. 2.)  On November 4, 2024, after receiving no response from Plaintiff, the Court recommended dismissing the case without prejudice because Plaintiff failed to timely submit either a motion to proceed *in forma pauperis* or the filing fee.  (See doc. no. 3.)

On November 7, 2024, the Court received Plaintiff's motion to proceed *in forma pauperis*, dated October 17, 2024.  (See doc. no. 5.)  Accordingly, the Court **VACATES** its November 4th recommendation for dismissal.  (Doc. no. 3.)

Upon review of Plaintiff's filings, it is unclear whether he is attempting to assert a claim pursuant to 42 U.S.C. § 1983 or is attempting to petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  Plaintiff has submitted his claims on a standard § 1983 complaint form for violations of civil rights, but names as the only Defendants former District Attorney Daniel J. Craig and the State of Georgia.  (Doc. no. 1, p. 1.)  In his statement of the claim, he alleges his indictment obtained and used improperly and describes other alleges issues that arose at his criminal trial.  (Id. at 5.)  For relief, he requests monetary damages and release from incarceration.  (Id. at 6.)

"[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement' . . . .  He must seek federal habeas corpus relief (or appropriate state relief) instead."  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).  Federal habeas corpus statutes and § 1983 "are mutually exclusive:  if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action."  Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Moreover, under Heck v. Humphrey, 512 U.S. 477, 487 (1994), Plaintiff may not proceed with a § 1983 claim for damages where success would necessarily imply the unlawfulness of the sentence.  Lastly, because it is unclear whether Plaintiff intends to proceed with a habeas corpus case or § 1983 civil rights case, it is also unclear whether, through his IFP motion, Plaintiff is contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil rights complaint.

Accordingly, Plaintiff shall have fourteen days from the date of this Order to inform the Court by a written filing bearing the case caption above whether he intends to proceed with a § 1983 complaint or a habeas corpus petition under § 2254.  The Court **DIRECTS** the **CLERK** to include an appropriate form civil rights complaint used by incarcerated litigants in

the Southern District of Georgia and a form habeas corpus petition with Plaintiff's service copy of this Order. Plaintiff should submit only <u>one form</u> in response to this Order.[1] Plaintiff should also be aware that any federal habeas corpus petition will be subject to the exhaustion requirements of § 2254.

Once Plaintiff makes his selection by returning the appropriate, completed form, the Court will consider the merits of Plaintiff's IFP motion. Failure to comply with the terms of this Order within fourteen days may result in a recommendation that this case be dismissed.

SO ORDERED this 8th day of November, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] If Plaintiff wants to proceed with a civil rights complaint for damages and a habeas corpus petition requesting release from custody, he must proceed in two separate cases, requiring two separate filing fees or IFP motions.