IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JIMMY LEE RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-176 |
| | ) | |
| DANIEL J. CRAIG and THE STATE OF GEORGIA, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Hays State Prison, commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). After Plaintiff filed an amended complaint, confirming his intention to proceed pursuant to 42 U.S.C. § 1983, the Court granted Plaintiff leave to proceed IFP on December 10, 2024. (See doc. nos. 6, 7, 8.) The Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). (See doc. no. 8.) Plaintiff was cautioned failure to respond would be an election to have this case voluntarily dismissed without prejudice. (Id. at 4.) After Plaintiff's service copy of the December 10, 2024 Order was returned as undeliverable, the Court re-served the December 10, 2024 Order, the Prisoner Trust Fund Account Statement form, and the Consent to Collection of Fees form and extended the time for Plaintiff to comply with the December 10,

2024 Order. (Doc. no. 10.) After the extended deadline passed, the Court received a letter from Plaintiff explaining he previously mailed the forms, was hospitalized, and requested another extension of time to provide the Prisoner Trust Fund Account Statement form and the Consent to Collection of Fees form. (Doc. no. 11.) In response, the Court again extended the deadline for Plaintiff to provide the necessary paperwork and again cautioned failure to respond would be an election to have this case voluntarily dismissed without prejudice. (Doc. no. 13.)

The time to respond to the extended deadline has passed, and Plaintiff has not submitted the documents required by the Court's prior Orders. Nor has he provided the Court with any additional explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to collection of the entire $350.00 filing fee in installments. <u>Wilson v. Sargent</u>, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915). Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of March, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA